FILED

DEC - 7 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMEIE PARKER,<br><br>                 **Plaintiff,**<br><br>v.<br><br>LEICA MICROSYSTEMS INC.,<br><br>                 **Defendant.** | 07cv6913<br>**JUDGE NORGLE**<br>**MAG. JUDGE DENLOW**<br><br><u>Jury Trial Requested</u> |

## COMPLAINT

NOW COMES Plaintiff, JAMEIE PARKER, by her counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, LEICA MICROSYSTEMS INC., states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 2000e <u>et seq.</u> Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. With respect to Plaintiff's state law claim, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4. Plaintiff, JAMEIE PARKER, is a female citizen of the United States who resides in Illinois.

5. Defendant, LEICA MICROSYSTEMS INC., is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e(b) as Defendant has continuously and does now employ more than fifteen (15) employees.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 21, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on November 14, 2007, which Plaintiff received on November 15, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I – TITLE VII - GENDER DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant as a Senior Technician in December 2005 and was promoted to the position of Service Manager in October 2006. Upon her promotion, Plaintiff became the first female Defendant had assigned to the position of Service Manager.

9. Throughout her tenure with Defendant, Plaintiff has performed to Defendant's

reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, merit-based raises, and promotion, and any assertion to the contrary is a pretext for discrimination.

10. Since her promotion to Service Manager in October 2006, Defendant has discriminated against Plaintiff based on her gender, female. Examples of such conduct are detailed below.

11. Following Plaintiff's promotion to Service Manager, Defendant has refused to provide Plaintiff with the resources to successfully complete her job responsibilities and duties.

12. Defendant provides its managers at the Northbrook, Illinois location office space and resources to facilitate the completion of their job duties.

13. While Defendant has provided the other male managers at the Northbrook, Illinois facility with adequate office space and resources, including Ulrich Fuchs, Manager of Optical Microscopy, Mike Bychowski, Warehouse Manager, and Joe Papania, Surgical Repair Manager, Defendant has refused to supply Plaintiff with the proper space and resources to complete her required job functions.

14. Such inadequate resources include assigning Plaintiff the corner of an office currently occupied by another manager, Ulrich Fuchs. As the available space was insufficient to staff two managers, Defendant has provided all the shelving and cabinet resources to Manager Fuchs, leaving Plaintiff with only a tiny desk, cardboard boxes, and plastic crates to maintain her documents.

15. The inadequate resources provided to Plaintiff is in stark contrast to Plaintiff's male predecessor, Dennis Gil, who Defendant assigned an entire office, including several large filing cabinets that took up an entire wall.

3

16. Defendant's refusal to provide Plaintiff adequate resources has significantly impaired Plaintiff's ability to perform her job responsibilities, part of which requires Plaintiff to maintain thousands of documents.

17. Defendant further has refused to provide Plaintiff with adequate space or resources at its Bannackburn Corporate Office location. Defendant's refusal to provide Plaintiff adequate resources at Bannackburn further impacts her ability to complete her job duties, as a large amount of the documentation Plaintiff is responsible for is produced at Bannackburn. As Plaintiff does not have adequate resources at the Bannackburn offices, she must often transport large amounts of paperwork to and from this location. Defendant's failure to provide Plaintiff space at Bannackburn is in contrast to her male co-workers, such as Ulrich Fuchs, who Defendant has assigned space at Bannackburn.

18. This practice of providing Plaintiff inadequate resources and space has caused Plaintiff to work numerous additional hours, often two (2) hours a day of transporting or searching for documents, that are not required of her male counterparts.

19. Defendant has further failed to provide Plaintiff with training commensurate with the instruction provided to her male counterparts. Since her promotion, Plaintiff has continually requested training on systems and equipment vital to her job responsibilities, such as the SAP system or the Surgical Microscope. While Plaintiff has been denied such training, Joe Papania, a similarly situated male manager, received training on the Surgical Microscope within one month of the appointment to his position.

20. Defendant's predominately male culture has further deprived Plaintiff of resources necessary to complete her job duties and responsibilities. In order to complete her assignments,

Plaintiff often requires reports or tasks to be completed by other male technicians. Often, Plaintiff will have to wait several weeks till her task is completed, in contrast to her male co-workers who often have their tasks completed within days of their request.

21. Other male employees, such as Joe Papania, have been more overt in their harassment of Plaintiff. For instance, Joe Papania has refused to communicate with Plaintiff and attempted to make it difficult for Plaintiff to complete her job duties. Although Plaintiff complained to members of Defendant's management and human resources, rather than discipline Joe Papania, Defendant appointed him to a position within Plaintiff's department, and he has continued to impede Plaintiff's performance.

22. Defendant further provides male employees who perform similar duties to Plaintiff with higher job titles, more staff, and, on information and belief, higher salaries. Shawn Larocca, Director of Service for the Specimen Prep Group, performs duties and assignments similar to Plaintiff but in another division. Defendant has provided Director of Service Larocca a number of the resources denied to Plaintiff, such as adequate work space and office space at the Bannackburn corporate location. Defendant has further assigned a Tech Support Manager to Director of Service Larocca, in contrast to Plaintiff who has to perform such duties by herself.

23. Plaintiff has complained on numerous occasions to members of Defendant's management, including Hank Smith, President, Dave Dallem, Manager, Renee Cranberg, Human Resources, and Art Giecek, Human Resources, regarding the inadequate resources and favorable treatment provided to male managers, to no avail.

24. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on her sex, female, in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

25. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMEIE PARKER, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of gender;

C. Order Defendant to make whole JAMEIE PARKER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to JAMEIE PARKER;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Paragraphs one (1) through twenty-three (23) are incorporated by reference as if fully

6

set out herein.

27. Plaintiff seeks respondeat superior liability against Defendant for the tortious conduct of its agents, Hank Smith, President, Renee Cranberg, Human Resources, and Art Giecek, Human Resources, as the alter ego of Defendant.

28. Defendant's agents, President Smith, Human Resources Personnel Cranberg, and Human Resources Personnel Giecek, have engaged in extreme and outrageous conduct in subjecting Plaintiff to an overt, unbridled, and malicious course of conduct designed to psychologically and emotionally abuse Plaintiff. Examples of such conduct have been detailed in the preceding paragraphs.

29. Defendant, acting by and through its agents President Smith, Human Resources Personnel Cranberg, and Human Resources Personnel Giecek, intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that Plaintiff would suffer such distress, when it subjected Plaintiff to a course of conduct designed to psychologically and emotionally abuse Plaintiff.

30. In their positions with Defendant, President Smith, Human Resources Personnel Cranberg, and Human Resources Personnel Giecek exercised a substantial degree of control over Plaintiff's terms and conditions of employment and abused their authority over Plaintiff by subjecting her to outrageous conduct.

31. Plaintiff has suffered and continues to suffer extreme emotional distress as a direct and proximate result of Defendant's extreme and outrageous conduct.

32. Defendant, acting by and through its agents, President Smith, Human Resources Personnel Cranberg, and Human Resources Personnel Giecek, intentionally subjected Plaintiff to

egregious and abusive treatment which Defendant knew would cause Plaintiff to suffer severe emotional distress.

33. Plaintiff continues to suffer the severe emotional and psychological trauma inflicted upon her by Defendant and continues to struggle with the effects of Defendant's extreme and outrageous conduct.

34. The aforementioned acts and omissions of Defendant constitute intentional infliction of emotional distress, in violation of the laws of the State of Illinois.[1]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMEIE PARKER, prays for judgment against Defendant and respectfully requests that this court:

A. Order Defendant to make whole JAMEIE PARKER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

B. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

C. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

35. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

---

[1] Despite the similar facts alleged in previous counts of this Complaint, Plaintiff's claim for intentional infliction of emotional distress will not be subject to preemption by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/8-111(C), as Count II may be proven independent of the legal duties furnished by the IHRA. See Naeem v. McKesson Drug Co., 444 F.3d 593, 604 (7th Cir. 2006).

Respectfully submitted,

JAMEIE PARKER, Plaintiff,

By: _____
Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, Jameie Parker, declare under penalty of perjury that the foregoing is true and correct.

Executed on _December 7th_, 2007.

_Jameie Parker_
Jameie Parker

EEOC Form 161-B (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Jamie Parker
1116 Dell Rd.
Northbrook, IL 60062

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

**CERTIFIED MAIL NO.:** 7001 0320 0005 9832 5331

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-08086 | Jacquelyn C. Gandy, Investigator Support Asst | (312) 886-5976 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____     11/14/07
John P. Rowe,                        (Date Mailed)
District Director

Enclosures(s)

cc: **LEICA MICROSYSTEMS**

NOV 15 2007