**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMEIE PARKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No.: 07 C 6913** |
| | ) | |
| **LEICA MICROSYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, LEICA MICROSYSTEMS, INC., (hereinafter "Leica" or "Defendant"), by and through its attorneys, Littler Mendelson, P.C., hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, as follows:

### PRELIMINARY STATEMENT

1.      This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER**:   Defendant admits that Plaintiff Jameie Parker (hereinafter "Plaintiff") purports to bring a claim under Title VII.   Defendant denies that it discriminated against Plaintiff or otherwise violated Title VII in any respect.   Defendant denies any remaining allegations in Paragraph 1.

### JURISDICTIONAL STATEMENT

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S. C. §§1343(a)(3) and (4) and 28 U.S.C. §1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. §2000e et. seq.  Plaintiff seeks declaratory relief pursuant to 28

U.S.C. §2201 and 2202. With respect to Plaintiff's state law claim, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. §1367.

**ANSWER**: Defendant does not contest Plaintiff's assertion that this Court currently has jurisdiction over the claims asserted in Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 2.

## VENUE

3.      Venue is proper under 28 U.S.C. §§1391(b)(1) and (2).

**ANSWER**: Defendant does not contest Plaintiff's assertion that venue is proper in this Court. Defendant denies any remaining allegations contained in Paragraph 3.

## PARTIES

4.      Plaintiff, JAMEIE PARKER, is female citizen of the United States who resides in Illinois.

**ANSWER**: Upon information and belief, Defendant admits Paragraph 4.

5.      Defendant, LEICA MICROSYSTEMS, INC., is a corporation properly recognized and sanctioned by the laws of the State of Delaware. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. §2000e(b) as Defendant has continuously and does now employ more than fifteen (15) employees.

**ANSWER**: Defendant admits Paragraph 5.

## PROCEDURE

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 21, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on November 14, 2007, which Plaintiff received on November 15, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER**:  Defendant lacks sufficient information to form a belief as to the truth or falsity of Plaintiff's claim that she received a Notice of Right to Sue on November 14, 2007, and on that basis, denies that allegation.  Upon information and belief, Defendant admits the remaining allegations contained in Paragraph 7.

### COUNT I – TITLE VII – GENDER DISCRIMINATION

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER**:  Defendant incorporates herein by reference its answers to Paragraphs 1 through 5.

8.      Plaintiff began working for Defendant as a Senior Technician in December 2005 and was promoted to the position of Service Manager in October 2006. Upon her promotion, Plaintiff became the first female Defendant had assigned to the position of Service Manager.

**ANSWER**:  Defendant admits Paragraph 8.

9.      Throughout her tenure with Defendant, Plaintiff has performed to Defendant's reasonable   satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluation, merit–based raises, and promotion, and any assertion to the contrary is a pretext for discrimination.

**ANSWER**:  Defendant denies Paragraph 9.

10.      Since her promotion to Service Manager in October 2006, Defendant has discriminated against Plaintiff based on her gender, female.  Examples of such conduct are detailed below.

**ANSWER**:  Defendant denies Paragraph 10.

11.      Following Plaintiff's promotion to Service Manager, Defendant has refused to provide Plaintiff with the resources to successfully complete her job responsibilities and duties.

**ANSWER**:  Defendant denies Paragraph 11.

12.      Defendant provides its managers at the Northbrook, Illinois location office space and resources to facilitate the completion of their job duties.

**ANSWER**: Defendant admits Paragraph 12.

13.    While Defendant has provided the other male managers at the Northbrook, Illinois facility with adequate office space and resources, including Ulrich Fuchs, Manager of Optical Microscopy, Mike Bychowski, Warehouse Manager, and Joe Papania, Surgical Repair Manager, Defendant has refused to supply Plaintiff with the proper space and resources to complete her required job functions.

**ANSWER**:  Defendant admits that the named managers have adequate office space and resources, and states that Plaintiff has the same or comparable office space and resources.  Defendant denies any remaining allegations contained in Paragraph 13.

14.    Such inadequate resources include assigning Plaintiff the corner of an office currently occupied by another manger, Ulrich Fuchs.  As the available space was insufficient to staff two managers, Defendant has provided all the shelving and cabinet resources to Manager Fuchs, leaving Plaintiff with only a tiny desk, cardboard boxes, and plastic crates to maintain her documents.

**ANSWER**:  Defendant admits that Plaintiff currently shares an office with Ulrich

Fuchs.  Defendant denies the remaining allegations contained in Paragraph 14.

15.    The inadequate resources provided to Plaintiff is in start contrast to Plaintiff's male predecessor, Dennis Gil, who Defendant assigned an entire office, including several large filing cabinets that took up an entire wall.

**ANSWER**:  Defendant denies Paragraph 15.

16.    Defendant's refusal to Plaintiff adequate resources has significantly impaired Plaintiff's ability to perform her job responsibilities, part of which requires Plaintiff to maintain thousands of documents.

**ANSWER**:  Defendant denies Paragraph 16.

17.    Defendant further has refused to provide Plaintiff with adequate space or resources at its Bannackburn (sic) Corporate Office location.  Defendant's refusal to provide Plaintiff adequate resources at Bannackburn (sic) further impacts her ability to complete her job duties, as a large amount of the documentation Plaintiff is responsible for is produced at Bannackburn (sic).  As Plaintiff does not have adequate resources at the Bannockburn offices, she must often transport large amounts of paperwork to and from this location.  Defendant's failure to provide Plaintiff space at Bannockburn is in contrast to her male co-workers, such as Ulrich Fuchs, who Defendant has assigned space at Bannackburn.

**ANSWER**:  Defendant denies Paragraph 17.

18.    The practice of providing Plaintiff inadequate resources and space has caused Plaintiff to work numerous additional hours, often two (2) hours a day of transporting or searching for documents, that are not required of her male counterparts.

**ANSWER**:  Defendant denies Paragraph 18.

19.    Defendant has further failed to provide Plaintiff with training commensurate with the instruction provided to her male counterparts.  Since her promotion, Plaintiff has continually requested training on systems and equipment vital to her job responsibilities, such as the SAP system or the surgical Microscope.  While Plaintiff has been denied such training, Joe Papania, a similarly situated male manager, received training on the Surgical Microscope within one month of the appointment to his position.

**ANSWER**:  Defendant denies Paragraph 19.

20.    Defendant's predominately male culture has further deprived Plaintiff of resources necessary to complete her job duties and responsibilities.  In order to complete her assignments, Plaintiff often requires reports or tasks to be completed by other male technicians.  Often, Plaintiff will have to wait several weeks till her task is completed in contrast to her male co-workers who often have their tasks completed within days of their request.

**ANSWER**:  Defendant denies Paragraph 20.

21.    Other male employees, such as Joe Papania, have been more overt in their harassment of Plaintiff.  For instance, Joe Papania has refused to communicate with Plaintiff and attempted to make it difficult for Plaintiff to complete her job duties.  Although Plaintiff complained to members of Defendant's management and human resources, rather than discipline Joe Papania, Defendant appointed him to a position within Plaintiff's department, and he has continued to impede Plaintiff's performance.

**ANSWER**:  Defendant admits that Joe Papania and Plaintiff currently work in the same department.  Defendant denies the remaining allegations contained in Paragraph 21.

22.    Defendant further provides male employees who perform similar duties to Plaintiff with higher job titles, more staff, and on information and belief, higher salaries.  Shawn Larocca, Director of Service for the Specimen Prep Group, performs duties and assignments similar to Plaintiff but in another division.  Defendant has provided Director of Service a number of resources denied to Plaintiff, such as adequate work space and office space at the Bannockburn corporate location.  Defendant has further assigned a Tech Support Manager to Director of Service Larocca, in contrast to Plaintiff who has perform (sic) such duties by herself.

**ANSWER**:      Defendant denies Paragraph 22.

23.      Plaintiff has complained on numerous occasions to members of Defendant's management, including Hank Smith, President, Dave Dallem, Manager, Renee Cranberg, Human Resources, and Art Giecek, Human Resources, regarding the inadequate resources and favorable treatment provided to male managers, to no avail.

**ANSWER**:      Defendant denies Paragraph 23.

24.      The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

**ANSWER**:      Defendant denies Paragraph 24.

25.      As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and forgone wages and physical and emotional harm.

**ANSWER**:      Defendant denies Paragraph 25.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMEIE PARKER, prays for judgment against Defendant and respectfully request that this Court:

A.      Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law.

B.      Grant a permanent injunction restraining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of gender;

C.      Order Defendant to make whole JAMEIE PARKER by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.      Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.      Order Defendant to pay lost, forgone, and future wages to JAMEIE PARKER;

F.      Grant Plaintiff her attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER**:    To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.  Defendant denies that Plaintiff is entitled to recover damages of, from or against it in any amount whatsoever, and denies that Plaintiff is entitled to any injunctive or monetary relief in any form whatsoever.  Defendant prays that this Court enter judgment in favor of Defendant and against Plaintiff, dismissing all counts of Plaintiff's Complaint, with Plaintiff bearing all costs and expenses associated with bringing this action.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26.    Paragraphs one (1) through twenty-three (23) are incorporated by reference as if fully set out herein.

**ANSWER**:    Defendant incorporates herein by reference its answers to Paragraphs 1 through 23.

27.    Plaintiff seeks respondeat superior liability against Defendant for the tortuous conduct of its agents, Hank Smith, President, Renee Cranberg, Human Resources, and Art Giecek, Human Resources, as the alter ego of Defendant.

**ANSWER**:    Defendant denies Paragraph 27.

28.    Defendant's agents, President Smith, Human Resources Personnel Cranberg, and Human Resources Personnel Giecek, have engaged in extreme and outrageous conduct in subjecting Plaintiff to an overt, unbridled, and malicious course of conduct designed to psychologically and emotionally abuse Plaintiff. Examples of such conduct have been detailed in the preceding paragraphs.

**ANSWER**:    Defendant denies Paragraph 28.

29.    Defendant's acting by and through its agents President Smith, Human Resources Personnel Cranberg, and Human Resources Personnel Giecek, was intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that

Plaintiff would suffer such distress, when it subjected Plaintiff to a course of conduct designed to psychologically and emotionally abuse Plaintiff.

**ANSWER**:    Defendant denies Paragraph 29.

30.    In their position with Defendant, President Smith, Human Resources Personnel Cranberg, and Human Resources Personnel Giecek exercised a substantial degree of control over Plaintiff's terms and conditions of employment and abused their authority over Plaintiff by subjecting her to outrageous conduct.

**ANSWER**:    Defendant denies Paragraph 30.

31.    Plaintiff has suffered and continues to suffer extreme emotional distress as a direct and proximate result of Defendant's extreme and outrageous conduct.

**ANSWER**:    Defendant denies Paragraph 31.

32.    Defendant, acting by and through its agents, President Smith, Human Resources Personnel Cranberg, and Human Resources Personnel Giecek, intentionally subjected Plaintiff to egregious and abusive treatment which Defendant knew would cause Plaintiff to suffer severe emotional distress.

**ANSWER**:    Defendant denies Paragraph 32.

33.    Plaintiff continues to suffer the severe emotional and psychological trauma inflicted upon her by Defendant and continues to struggle with the effects of Defendant's extreme and outrageous conduct.

**ANSWER**:    Defendant denies Paragraph 33.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMEIE PARKER, prays for judgment against Defendant and requests that this court:

A.    Order Defendant to make whole JAMEIE PARKER by providing the affirmative relief necessary to eradicate the effect of Defendant's unlawful practices;

B.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

C.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER**:    To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.  Defendant denies that Plaintiff is entitled to recover damages of, from or against it in any amount whatsoever, and denies that Plaintiff is entitled to any injunctive or monetary relief in any form whatsoever.  Defendant prays that this Court enter judgment in favor of Defendant and against Plaintiff, dismissing all counts of Plaintiff's Complaint, with Plaintiff bearing all costs and expenses associated with bringing this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust her administrative remedies, her claims for relief are barred.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate her damages as required by law.

### FIFTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual or punitive damages, and hence can only recover nominal damages.

## SIXTH AFFIRMATIVE DEFENSE

The Constitution and laws of the United States preclude an award of punitive damages in this case.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim of disparate treatment should be dismissed because Defendant's actions toward Plaintiff were, at all times, based upon legitimate, lawful, and non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior alleged by Plaintiff, and/or Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because to the extent that Plaintiff did avail herself of preventative and corrective opportunities, Defendant fulfilled its obligations to prevent and correct any wrongdoing.

## ELEVENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of discrimination with the EEOC or a state deferral agency; or (b) for alleged incidents of discrimination not listed in her charge; or (c) against parties not named in any

administrative charge, Plaintiff may not recover any relief for such incidents of alleged discrimination or against unnamed parties.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant's good faith efforts to prevent discrimination bars an award of punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the doctrine of after-acquired evidence and as such, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant cannot be held vicariously liable for alleged discrimination or retaliation or other actions which are contrary to its express policies, procedures and good faith efforts to comply with applicable laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

At the time this answer is filed, discovery has not yet been completed. Thus, Defendant reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery.

**WHEREFORE**, Defendant Leica Microsystems, Inc. denies that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submits that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendant be awarded its costs incurred in defending this lawsuit, including its reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems proper.

Respectfully submitted,


LEICA MICROSYSTEMS, INC.

By: /s/  Amanda Helm Wright
        One of Its Attorneys

Dana S. Connell
Amanda Helm Wright (IL Bar No. 06276200)
LITTLER MENDELSON
200 N. LaSalle Street, Suite 2900
Chicago, IL  60601
312.372.5520
312.372.7880 (fax)
Dated:  December 31, 2007

<u>**CERTIFICATE OF SERVICE**</u>

I, Amanda Helm Wright, an attorney, hereby certify that on December 31, 2007 a copy of the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL was filed electronically.  Notice of filing will be sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

Lisa Kane & Associates, P.C.
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603


*/s/    Amanda Helm Wright*